### 18015.   O'NEAL v. THE STATE.

LUKE, J.  The defendant was charged with murder and was convicted of voluntary manslaughter.  Neither the excerpt from the charge nor the refusal to charge, set out in the motion for a new trial, shows cause for a reversal.  The charge as a whole was full and fair and covered the law applicable to the case.  The verdict was authorized by the evidence.

*Judgment affirmed.  Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MAY 11, 1927.

Manslaughter; from Upson superior court—Judge Searcy. February 16, 1927.

*John B. McDonald,* for plaintiff in error.

*E. M. Owen, solicitor-general, James R. Davis,* contra:

Criminal Law, 16 C. J. p. 1050, n. 84; p. 1149, n. 92.
Homicide, 30 C. J. p. 316, n. 68.

### 18016.   RHODES v. THE STATE.

BLOODWORTH, J.  1. There is nothing that requires the grant of a new trial in the ground of the motion for a new trial which alleges that the court erred in the charge on confessions.

2. Under the ruling in *Lee v. State,* 35 *Ga. App.* 235 (133 S. E. 281), there is no merit in any of the other special grounds of the motion.  See also *Walker v. Dorminey,* 150 *Ga.* 635 (104 S. E. 447).

3. There is ample evidence to sustain the verdict.

*Judgment affirmed.  Broyles, C. J., and Luke, J., concur.*

DECIDED MAY 11, 1927.

Making intoxicating liquor; from Burke superior court—Judge Strange presiding.  February 14, 1927.

*Hammond & Kennedy,* for plaintiff in error.

*George Hains, solicitor-general, John M. Graham,* contra.

Criminal Law, 16 C. J. p. 1149, n. 91, 92.
Intoxicating Liquors, 33 C. J. p. 758, n. 80.